UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MELODY A. KLOEPFER,

    Plaintiff,                                              CASE NO.:

vs.

THE PALM BEACH STATE COLLEGE
FOUNDATION, INCORPORATED,
a Florida Not for Profit Corporation,
d/b/a PALM BEACH STATE COLLEGE,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MELODY A. KLOEPFER (hereinafter "KLOEPFER"), by and through the undersigned Counsel, and sues the Defendant, THE PALM BEACH STATE COLLEGE FOUNDATION, INCORPORATED, a Florida Not for Profit Corporation, d/b/a PALM BEACH STATE COLLEGE (hereinafter "PBSC"), for violations of Title IX of the Education Amendments of 1972. In support thereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over KLOEPFER's claims arising under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 ("Title IX").

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §§ 1391(b) and (c), because all actions relevant to KLOEPFER's claims arose in this Judicial Circuit.

1

## PARTIES

4. KLOEPFER is a resident of Palm Beach County, Florida, over the age of eighteen years, and otherwise *sui juris*.

5. KLOEPFER is female and was a student at all material times hereto, and as such, is and was a member of a group protected under Title IX.

6. At all times material hereto, THE PALM BEACH STATE COLLEGE FOUNDATION, INCORPORATED is and was a Florida Not for Profit Corporation authorized, operating and licensed to do business in the State of Florida.

7. PBSC is an accredited, private not-for-profit university offering associate's and bachelor's degree programs online and on-campus, with more than fifteen (15) employees.

## GENERAL ALLEGATIONS

8. Beginning in the Fall 2020 semester, Plaintiff, KLOEPFER, was enrolled as a student in PBSC's Respiratory Care Program.

9. During her enrollment and participation in the program, KLOEPFER performed exceedingly well, scoring A grades in all of her courses.

10. However, throughout the Spring 2021 semester, KLOEPFER witnessed ongoing discriminatory and inappropriate conduct towards female students from one of her male professors in the program, Adjunct Professor Sheriff Nartey. Such discriminatory treatment witnessed and experienced throughout the semester included, without limitation:

   a. Professor Nartey regularly and repeatedly raised his voice toward female students in front of the rest of the class;

   b. Professor Nartey advised female students to "whisper answers in his ear";

    c. Professor Nartey conducted exams alone with a female student, who later reported feeling uncomfortable with the interactions;

    d. Professor Nartey bragged to female students about his successful business while alone with those students; and

    e. Professor Nartey openly stared at female student's backsides, which was observed directly by KLOEPFER.

11. Not only did KLOEPFER witness the above referenced inappropriate conduct towards female students while in the program, but she also experienced much of this gender discrimination first-hand, stemming from Professor Nartey and condoned by PBSC's faculty members and staff.

12. As a result of the ongoing discriminatory treatment and sexual harassment toward female students by Professor Nartey, KLOEPFER reported his inappropriate conduct to PBSC by submitting a written complaint to Stephanie Parlamento, the Program's Director of Clinical Education. In the written complaint, KLOEPFER expressed some of her concerns regarding Professor Nartey's conduct.

13. Specifically, on May 2, 2021, KLOEPFER expressed her concerns to Ms. Parlamento and described how Professor Nartey would make comments to female students while he was alone with them during exams. She also noted that Professor Nartey would constantly and obviously gaze upon female students' backsides or try to brag about his "Amazon business" that was making him millions of dollars in an attempt to impress his female students. KLOEPFER made clear that she was seeking for boundaries to be reinforced between Professor Nartey and his female students, particularly when Professor Nartey was to be *alone* with female students.

14. The reporting email was then forwarded by Ms. Parlamento to Dr. Nancy Latimer, the Department Chair and Program Director. KLOEPFER was subsequently informed that her concerns were going to be addressed and investigated by the Dean of Student Services for further analysis.

15. After submitting her complaints, KLOEPFER sat for her final exam in Professor Parlamento's lecture class, which was written, and her lab final in Mr. Nartey's class, which included a written and a hands-on section over the same material. Upon scoring a 97% (146 out of 150 correct questions answered) on the written portion of the exam in Professor Parlamento's lecture class and being advised that she was "flawless" on the written portion of the lab final, KLOEPFER was awarded an overall failing grade in Mr. Nartey's lab due to allegedly failing the hands-on section.

16. In an effort to understand the discrepancy in her performance, KLOEPFER questioned Professor Nartey's grading on May 11, 2021, and asked him to identify the faults in her lab final exam. Upon her request, Professor Nartey stated a handful of allegations including the following:

   a. KLOEPFER had allegedly selected a 2cm H2O PEEP setting. This claim was made despite the fact that Mr. Nartey provided the setting and KLOEPFER's extensive knowledge of this material, none of her study documents indicating that incorrect setting, and previously performing setting inputs correctly throughout the entirety of the semester;

   b. KLOEPFER inadequately verbalized an explanation of the Bilevel positive airway pressure ("BiPAP") procedure on a mannequin. This claim was made although Professor Nartey explicitly stated prior to the start of the lab final exam that the

4

    exam was to be completed in silence. Moreover, KLOEPFER is under the belief that other students performed the exam in silence and were not penalized; and

   c. KLOEPFER failed to remove the BiPAP mask prior to setting up the ventilator. Professor Nartey alleged that this cost KLOEPFER a significant amount of points on her exam although KLOEPFER believes other students who made similar errors during the exams were not deducted points in a similar manner.

  17. Despite the falsity and/or minuteness of KLOEPFER's alleged errors, other students who completed the lab final exam and had not made complaints against Professor Nartey were not similarly penalized.

  18. Due to Professor Nartey's retaliatory actions stemming from KLOEPFER's reporting of discrimination and sexual harassment, Professor Nartey's subjective grading of KLOEPFER's hands-on portion of the lab final exam decreased her overall grade in the class to seventy-one (71%) percent.

  19. Due to program requirements, a grade of 71% in this course would force KLOEPFER out of the Respiratory Care Program. As such, KLOEPFER sought to retake the lab final exam.

  20. On May 12, 2021, KLOEPFER, Professor Nartey, Dr. Latimer, and the Associate Dean, Becky Mercer, had a meeting to discuss the failing grade.

  21. Rather than to allow KLOEPFER to discuss and express her concerns regarding Professor Nartey's retaliatory behavior, PBSC's faculty members continued to target and retaliate against KLOEPFER, refusing to allow her to retake the hands-on portion of the lab final exam with another, unbiased professor despite her record of excellent grades in all other courses and her profound commitment to the program.

22. Additionally, Professor Nartey and PBSC failed to provide any documentation, grading rubrics or a copy of KLOEPFER's lab final exam to justify her failing grade. When KLOEPFER specifically asked to be provided with such documents on May 19, 2021, her request was denied.

23. Following KLOEPER's meeting with PBSC's faculty members and the subsequent refusal to provide any documentation or grading rubric to support her allegedly failing grade, KLOEPFER escalated her concerns and filed a Final Course Grade Appeal on May 25, 2021. In her appeal, KLOEPFER reasonably requested the course be removed from her transcript.

24. As a result of PBSC's refusal to allow KLOEPFER to retake the hands-on portion of the lab final exam with an unbiased professor or to remove the course from her transcript, KLOEPFER was unable to meet the program's academic requirements and was removed from PBSC and its Respiratory Care Program.

25. On June 12, 2021, KLOEPFER filed a complaint directly to PBSC through a "Student Problem Resolution Form" alleging Professor Nartey targeted and retaliated against her following her complaints.

26. Subsequently, weeks after removing KLOEPFER from the Respiratory Care Program at PBSC and following KLOEPFER's repeated efforts to address her wrongful treatment, PBSC offered KLOEPFER readmission to the program for the following year, Fall 2022. In doing so, PBSC made no other representation of addressing KLOEPFER's concerns of sexual harassment toward other female students or the retaliatory actions of Professor Nartey.

27. At this time, following the constant discriminatory treatment, retaliation, and continued harassment endured in her attempts to be reinstated and PBSC's refusal to address the illegal conduct by a PBSC adjunct professor and PBSC administrators, KLOEPFER, who was

already in the process of applying and transferring to another program at another institution, declined.

28. On July 7, 2021, PBSC advised KLOEPFER, via letter, that the investigation was complete and that no further action would be taken. Again, PBSC neglected to address KLOEPFER's concerns about Mr. Nartey's discriminatory and sexual actions towards female students.

29. KLOEPFER proceeded to file a claim against PBSC with the United States Department of Education, Office for Civil Rights on August 4, 2021, referencing PBSC's negligence in failing to hold Professor Nartey responsible for his acts of discrimination and sexual harassment, PBSC's failure to protect KLOEPFER, and PBSC's retaliation against KLOEPFER after she expressed her concerns of said discriminatory treatment and potential ongoing sexual harassment by an adjunct professor at PBSC.

30. PBSC has continuously failed to accurately investigate and address KLOEPFER's complaints of sexual harassment and protect KLOEPFER and other female students from sexual harassment and gender discrimination. Instead, PBSC retaliated against KLOEPFER, upholding the subjective and retaliatory grade she received from Professor Nartey, which ultimately led to her removal from PBSC's Respiratory Care Program.

## COUNT I – VIOLATION OF TITLE IX
## SEX DISCRIMINATION – RETALIATION

31. Plaintiff, KLOEPFER, realleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. Under Title IX of the Education Amendments of 1972, "[n]o person… shall, on the basis of sex, be… subjected to discrimination under any education program… receiving Federal financial assistance." 20 U.S.C. § 1681(a).

33. Title IX prohibits such sex-based discrimination in education programs and activities receiving Federal financial assistance. 20 U.S.C. § 1681 *et seq.* Title IX applies to all public and private educational institutions that receive federal funds, including colleges and universities.

34. PBSC is an education institution that receives federal funds and, therefore, is bound by Title IX and its regulations.

35. "When a funding recipient retaliates against a person *because* he complaints of sex discrimination, this constitutes intentional 'discrimination' 'on the basis of sex,' in violation of Title IX." *Jackson v. Birmingham Board of Education*, 544 U.S. 167 (2005).

36. KLOEPFER is a member of a protected class of female students.

37. KLOEPFER, at all times relevant, was qualified to be a student in PBSC's Respiratory Care Program and excelled throughout the program.

38. KLOEPFER engaged in protected actions under Title IX. Specifically, KLOEPFER reported Professor Nartey's inappropriate comments and harassment toward female students to PBSC.

39. Due to KLOEPFER's protected actions of reporting, Professor Nartey and PBSC retaliated against KLOEPFER by, among other things, creating a hostile and uncomfortable learning environment for KLOEPFER, issuing KLOEPFER poor, subjective grades, reprimanding KLOEPFER, and, ultimately, removing her from PBSC's Respiratory Care Program.

40. KLOEPFER reported inappropriate, sexual comments being made to female students by Professor Nartey on multiple occasions in May 2021.

41. Shortly after Professor Nartey became aware of KLOEPFER's reporting, Professor Nartey retaliated and inappropriately and subjectively graded KLOEPFER's hands-on portion of

her lab final exam with a failing score, which inadvertently decreased her overall grade in the class to seventy-one (71%) percent.

42. As such, Professor Nartey's retaliatory action and falsified claims forced KLOEPFER out of the Respiratory Care Program.

43. PBSC students who did not report sexual harassment were treated more favorably than KLOEPFER. Namely, students who did not report the harassment were not subjected to sudden and unwarranted failing marks, a hostile learning environment, and removal from the Respiratory Care Program.

44. Moreso, PBSC has failed to appropriately address KLOEPFER's complaints about Professor Nartey and has opted to allow Professor Nartey to remain employed by PBSC without repercussions, thus, failing to protect current female students attending the institution.

45. The conduct of PBSC in retaliating against KLOEPFER because of her protected activity in reporting sexual harassment and discrimination was intentional. PBSC engaged in this discriminatory practice with malice or with reckless indifference to the federally protected rights of KLOEPFER.

46. As a direct and proximate result of PBSC's actions, KLOEPER has suffered and will continue to suffer loss of tuition payments made to PBSC, increased tuition payments made to a new educational institution, loss of potential salary, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment.

47. KLOEPFER has been required to retain the legal services of the undersigned counsel to enforce her rights under Title IX and is required to pay her attorneys a reasonable fee for services rendered in this cause.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELODY KLOEPFER, demands judgment against Defendant, PBSC, and requests the following relief:

1. Enter judgment in favor of KLOEPFER for PBSC's violations of Title IX.

2. Award KLOEPFER actual damages suffered;

3. Award compensatory damages, including front pay, to KLOEPFER for the years she could have worked absent PBSC's discriminatory treatment;

4. Enter judgment in favor of KLOEPFER for additional compensatory damages for the embarrassment, anxiety, humiliation, and emotional distress KLOEPFER has suffered and continues to suffer;

5. Award KLOEPFER punitive damages;

6. Award to KLOEPFER all costs and reasonable attorney's fees incurred in connection with this action;

7. Award prejudgment interest on all monetary recovery obtained;

8. An injunction permanently enjoining PBSC, its officers, agents, employees, assigns and all persons in active concert of participation with them from engaging in any employment practice which discriminates on the basis of gender; and

9. Grant such additional or alternative relief as may appear to the court to be just and equitable.

## JURY TRIAL DEMAND

Plaintiff, MELODY KLOEPFER, demands a trial by jury on all issues so triable.

Dated June 8, 2022.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQUIRE
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** natalia@sconzolawoffice.com